UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH A. LEE,

   Petitioner,

 v.              Case No. 10-C-40

WILLIAM POLLARD,

   Respondent.

## ORDER

  On January 15, 2010, Keith A. Lee filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted after a jury trial in Winnebago County Circuit Court of first-degree reckless homicide and two counts of armed robbery, and was sentenced to 55 years imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

  I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Lee claims his state conviction and sentence are unconstitutional on three grounds: (1) the trial court erred by allowing testimony regarding statements made by his accomplice in violation of his right to confront his accuser; (2) an in-court identification of Lee made by a prosecution witness was inherently suggestive, violating his due process rights; and (3) the lineup of which Lee was a part was unduly suggestive.

All three grounds are colorable claims for relief under § 2254. Although the state court of appeals fully addressed each of the issues in a decision Lee attached to his petition, I am unable to conclude from the face of the petition and the court's decision that he is not entitled to relief. The confrontation clause issue Lee has raised seems similar to the one raised by the petitioner in a recent case in which the Seventh Circuit found plain error. *See Ray v. Boatwright*, No. 08-2825, ___ F.3d ___ (7th Cir. January 21, 2010.). The identification issues likewise warrant a more complete review than is possible from only the petition and court of appeals decision. Accordingly, Lee will be allowed to proceed on all three issues.

Lee has also filed a motion to stay proceedings on his petition so that he can exhaust his state court remedies on additional unspecified claims that he has raised on a motion seeking relief under Wis. Stat. § 974.06. Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim(s), notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000). In such a situation, the petitioner has two options.

2

He may either (1) have this case stayed while he pursues his unexhausted claims in state court, or (2) he may abandon any claims he has not exhausted and proceed in this case with his exhausted claim. By virtue of his motion, Lee has chosen the first option.

Lee admits he did not raise on direct appeal the issues he is now pursuing in state court. At first glance, this failure would seem to doom his prospects, for absent a showing of a "sufficient reason," post-conviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues that could have been litigated on direct appeal but were not. *State v. Lo*, 665 N.W.2d 756, 759-60 (Wis. 2003). However, ineffective assistance of post-conviction counsel may in some circumstances constitute a sufficient reason as to why an issue that could have been raised on direct appeal was not. *Rothering v. McCaughtry*, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996). In light of these circumstances, I conclude that Lee's motion for a stay should be granted to allow him to exhaust state court remedies as to all of his claims. *See Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999). Accordingly, this matter will be stayed until further order of the court, and the clerk shall administratively close the file. Lee is to promptly seek exhaustion as to any unexhausted claims and notify the Court upon his having done so. In the event Lee fails to exhaust his state court remedies within the next six months, the case will be dismissed without further notice unless Lee shows cause why he has not exhausted all available state court remedies by that time.

**IT IS THEREFORE ORDERED** that petitioner's request to stay his habeas petition until he has exhausted his state court remedies as to his remaining claims is **GRANTED**. The Clerk is directed to administratively close this file. In the event petitioner fails to exhaust his state court remedies within the next six months, the case will be dismissed without further notice unless petitioner shows cause why he has not exhausted all available state court remedies by that time.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this  1st   day of February, 2010.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge