UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH LEE,

        Petitioner,

  v.                                                              Case No. 10-C-0040

MICHAEL BAENEN,

        Respondent.

## SCREENING ORDER

On January 15, 2010, Keith Lee filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Winnebago County Circuit Court for first degree reckless homicide and two counts of armed robbery and was sentenced to 55 years imprisonment. He is currently incarcerated at Green Bay Correctional Institution. On the same day Lee filed his petition, he also filed a Motion for Abeyance. (ECF No. 3.) Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim(s), notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), overruled on other grounds, *Artuz v. Bennett*, 531 U.S. 4 (2000). I granted Lee's motion for abeyance on February 1, 2010. (ECF No. 5.) Ineffective assistance of post-conviction counsel may in some

circumstances constitute a sufficient reason as to why an issue that could have been raised on direct appeal was not. *Rothering v. McCaughtry*, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996). In light of Lee's circumstances, I granted his motion for a stay to allow him to exhaust state court remedies as to all of his claims. *See Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999).

Lee has since appeared to have exhausted his state court remedies. On June 28, 2012, Lee filed an Amended Petition for Habeas Corpus. (ECF No. 14.) This petition lists four grounds for relief. I granted him leave to proceed on his first two grounds in my initial screening order, concluding that they raised colorable constitutional claims. These first two grounds were that the trial court erred in allowing testimony regarding statements made by his accomplice in violation of his right to confront his accuser and that an in-court identification of Lee made by a prosecution witness was inherently suggestive, violating his due process rights. (ECF No. 5 at 2.) Lee's amended petition also contains two additional grounds: that his trial counsel was ineffective and that his appellate counsel was ineffective. He alleges that trial counsel was ineffective in failing to investigate and present his alibi defense at trial. Post-conviction or appellate counsel was ineffective, he claims, in failing to raise in post-conviction proceedings and on appeal the ineffectiveness of his trial counsel as a ground for relief.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and I am unable to determine from the face of the petition that Lee is clearly not entitled to relief on those grounds. He will therefore be allowed to proceed on these two additional grounds of ineffective assistance of counsel as well.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule

2

5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District

3

Case 1:10-cv-00040-WCG   Filed 07/02/12   Page 3 of 4   Document 15

Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing (NEF) to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   29th   day of June, 2012.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge