UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH A. LEE,

        Plaintiff,

  v.                                              Case No. 10-C-040

MICHAEL BAENEN,

        Defendant.

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      This is an action for federal habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Keith A. Lee is currently incarcerated at Green Bay Correctional Institution for first-degree reckless homicide in violation of Wis. Stat. § 940.02(1) and two counts of armed robbery, party to a crime, in violation of Wis. Stats. §§ 943.32(2) and 939.05. Lee originally filed his petition for federal relief from his state conviction on January 15, 2010. In its original screening order issued on February 1, 2010, the court allowed Lee to proceed on three claims, but granted Lee's motion to stay proceedings so that he could exhaust his state court remedies on additional claims that he intended to raise on a motion seeking relief under Wis. Stat. § 974.06. On June 28, 2012, having completed the state court proceedings, Lee was granted leave to file an amended petition in which he asserts four grounds for relief: (1) the trial court erred in allowing testimony regarding statements made by his accomplice in violation of his right to confront his accuser, (2) an in-court identification of Lee made by a prosecution witness was inherently suggestive, (3) his trial counsel was ineffective for failing to present an alibi defense, and (4) his appellate counsel was ineffective for failing to raise in post-conviction proceedings and on

appeal the ineffectiveness of his trial counsel. In a second screening order issued on July 2, 2012, Lee was allowed to proceed on all four claims. The case is before the court now for resolution. For the reasons discussed herein, Lee's petition will be denied and the case dismissed.

**ANALYSIS**

Lee's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376-77 (2000). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

**1. Confrontation Clause Claim**[1]

Lee was convicted for the above mentioned offenses following a five-day trial before a jury. The charges arose out of the circumstances surrounding the January 10, 2006, death of Joshua Meyers, who was shot in his Oshkosh apartment and died shortly thereafter. Lee and Victor Thomas, were

---

[1] Lee maintains that the government conceded his allegation that his Confrontation Clause rights were violated because the government did not adequately respond to the allegations in his petition. Lee's contention is wholly without merit because the government did provide an adequate response in its answer. (Answer ¶ 8.)

2

implicated in Meyers' death. Several hours after Meyers was shot, both Lee and Thomas, driving a Chevy Impala, arrived at a Milwaukee apartment where they met Christopher Johnson. Johnson drove the pair to a local gas station and later dropped Lee off. Shortly thereafter, Milwaukee police stopped the Impala.

At trial, Johnson testified for the prosecution. The prosecutor questioned Johnson about a conversation he overheard between Lee and Thomas while they were driving to the gas station:

> Q. Did [Lee] say anything to you at that time about getting into something up in Oshkosh?
>
> A. [Lee] said — he talking about my cousins. He talking about my cousins and they had some type of altercation and then I got out of the car.
>
> Q. At that point, did you speak with Victor Thomas?
>
> A. Yeah.
>
> Q. After you spoke with Victor Thomas, did you get back in the car and speak again with Keith Lee?
>
> A. No, I didn't speak to anybody when I got back in the car. Victor Thomas was speaking.
>
> Q. Do you remember Victor ever telling Keith to say what happened?
>
> A. He sort of asked [Lee] to confirm it.
>
> Q. Did Keith Lee say anything to you about what happen [sic] in Oshkosh?
>
> A. Not exactly. He just mumbled, yeah, yeah, like that.

(ECF No. 18-5, at 3-4.) Johnson also acknowledged his prior statement to police in which he recounted that Lee said "the guy kept rushing at him and wouldn't stay down" and that he [Lee] "had to 'pop' the guy." (*Id.*) Thomas invoked his Fifth Amendment privilege and did not testify at trial.

3

Lee's attorney objected to Johnson's testimony to the extent it recounted Thomas' statement on the ground that it violated Lee's Sixth Amendment confrontation rights.

The argument is without merit. The Confrontation Clause applies only to testimonial statements that are offered to prove the truth of the matter asserted. *Crawford v. Washington*, 541 U.S. 36, 59-60 (2004). The statement of Thomas recounted by Johnson was neither testimonial, nor was it offered to prove the truth of the matter asserted. In fact, it was not even a statement; it was a question. Johnson testified that Thomas "sort of asked [Lee] to confirm it." A question is not a statement; it is not an assertion and thus cannot be offered to prove the truth of the matter asserted. A testimonial statement is one that, at the very least, asserts a fact. *Davis v. Washington*, 547 U.S. 813, 826-27 (2006). The statement that Thomas "asked [Lee] to confirm it" does not assert a fact. Thus, it is not testimonial.

Even if the Thomas' question could be considered testimonial, *Crawford* would not bar its admission unless it was offered to prove the truth of the matter asserted. 541 U.S. at 59 n.9 ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985))); *see also United States v. Gayton*, 649 F.3d 573, 579 (7th Cir. 2011) ("The Confrontation Clause only comes into play where 'the defendant ma[kes] a showing that the [g]overnment offered the declarant's statements for the truth of the matter asserted.'" (quoting *United States v. Nettles*, 476 F.3d 508, 517 (7th Cir.2007))). Here, Thomas' question merely puts Lee's response in context and gives it meaning. Thus, it cannot be considered hearsay and the Sixth Amendment's Confrontation Clause does not apply. *Gayton*, 649 F.3d at 780 ("As we have explained, a confidential informant's out-of-court statements are not hearsay if they are offered not for the truth but to put the defendant's statements in context or to make what he

4

said and did in reaction to the informant's statements intelligible to the jury."). Lee's Sixth Amendment claim therefore fails.

**2. In-Court Identification**

Lee next challenges his in-court identification by Johnson on the ground that it was unduly suggestive. Prior to trial, Johnson was unable to identify Lee in a photo array. However, eleven days later at trial, Johnson identified Lee as the person whose conversation with Thomas he had overheard. Lee contends that his "in court" identification at trial was unduly suggestive and violated his right to due process.

Lee cites *Stovall v. Deno*, 388 U.S. 293, 295 (1967), as support for his claim that Johnson's in court identification should not have been allowed. But *Stovall* and the line of cases of which it is a part, *see Manson v. Brathwaite*, 432 U.S. 98 (1977), *Neil v. Biggers*, 409 U.S. 188 (1972), apply to "identification by a stranger, such as a victim of rape or robbery, or someone who purchased drugs from a person he had not previously met." *United States v. Brown*, 471 F.3d 802, 804 (7th Cir. 2006). Here, Lee was not a stranger whom Johnson suddenly confronted under circumstances likely to give rise to mistaken identification. Johnson testified at trial he drove with Lee and Thomas in a car to a gas station, that he conversed for a short time with Lee when Thomas left them alone in the car, and that he had seen Lee several times on prior occasions. (ECF No. 18-5, at 8.)

Moreover, *Stovall* applies to out-of-court identifications. It holds that evidence of an unnecessarily suggestive out-of-court identification procedure is inadmissible under the Due Process Clause. 388 U.S. at 302. Here, there is no claim that the out-of-court identification procedure was

5

suggestive. Indeed, the evidence of the out-of-court procedure showed that Johnson failed to pick Lee's photograph out of an array. Lee's claim is that the in-court identification was suggestive. Even if it was, however, it does not follow that its admission violated due process. Even where an unnecessarily suggestive identification procedure has been used, identification evidence will nevertheless be allowed if the totality of the circumstances show that it is reliable. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). The factors to be considered in determining whether an identification based on an unduly suggestive identification procedure is nevertheless sufficiently reliable include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Id*. (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

Although the Wisconsin Court of Appeals did not cite *Brathwaite* in its decision affirming Lee's conviction, it did cite *State v. Hibl*, 2006 WI 52, 290 Wis. 2d 595, 714 N.W.2d 194, which in turn incorporates *Brathwaite*'s multi-factor test for reliability. Applying those factors here, the Wisconsin Court of Appeals cited not only the circumstances of Johnson's interaction and history with Lee noted above, but also Johnson's statement to the police that he knew he would be able to recognize Lee if he saw him in person and his testimony that he was sure the person he identified as Lee was in the car with him on the night in question. The Court's decision represents a reasonable application of *Brathwaite*. Lee's due process claim therefore also fails.

6

Case 1:10-cv-00040-WCG    Filed 01/30/13    Page 6 of 13    Document 25

### 3. Ineffective Assistance of Counsel

Finally, Lee contends that his trial counsel was ineffective in failing to present an alibi defense and that his appellate counsel was likewise ineffective in failing to challenge the effectiveness of his trial counsel for such failure in his post conviction motion or on appeal. It is clear that Lee discussed a possible alibi with his trial attorney. The record contains counsel's letter in which he confirms his advice to Lee that after making initial investigations into the matter, they had agreed not to pursue an alibi defense because Lee had been unable to provide the "specific names of the multiple witnesses [who] would have been present at the barber shop where you were located at the time of the incident." (ECF No. 18-9, at 27.) Absent corroboration, counsel also apparently thought Lee would not be believed if he was the only witness to an alibi and, given his prior record, it was better if he did not testify. The letter indicates that counsel and Lee had agreed that the better strategy was to challenge the credibility of the prosecution's witnesses: "Overall, because of the perceived deficiencies in the descriptions given by the eyewitnesses at the scene and the high motive for all of the witnesses to fabricate their testimony, it appeared to us to be the better strategy to attack the credibility of the identification rather than to offer a shaky alibi at trial." (*Id.*)

In a motion seeking post conviction relief in state court pursuant to Wis. Stat. § 974.06, Lee alleged that his trial attorney had provided ineffective assistance in failing to adequately investigate his alibi defense and that appellate counsel had also been ineffective in failing to raise the issue earlier. Lee stated in an affidavit supporting his motion that his trial attorney never provided him with any information from his investigation of his alibi defense and never explained why he could not both challenge the credibility of the prosecution witnesses and offer his own alibi. Lee also argued that his

7

five prior convictions should not have been an obstacle to his testifying since some of the prosecution witnesses had as many or more. (ECF No. 18-9, at 29-30.)

The trial court denied his motion without a hearing because his allegations were entirely conclusory and because the motion was barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 184, 517 N.W.2d 157 (1994). (ECF No. 18-10.) The Wisconsin Court of Appeals affirmed. (ECF No. 18-12.) Respondent argues that the state court decisions constitute an independent and adequate state ground that bars federal review under 28 U.S.C. § 2254.

Procedural default is an adequate and independent state ground that will preclude this court's review of Lee's claim of ineffective assistance of counsel "unless a petitioner can show cause for the default and prejudice attributable thereto." *Johnson v. Thurmer*, 624 F.3d 786, 790 (7th Cir. 2010); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A state procedural ground is considered independent if it was expressly relied on by the state court in rejecting the claim, and it is considered adequate if it is a clearly established and consistently followed state practice at the time it is applied. *Johnson*, 624 F.3d at 789. However, a "[p]rocedure applied in an unprincipled, inconsistent, or freakish manner is inadequate and will not preclude federal habeas review." *Id.*

Under Wisconsin's procedural law, a defendant must as a general matter raise a claim of ineffective assistance of counsel in the trial court on a motion for post conviction relief pursuant to § 974.02 and pursue the claim in each stage of his direct appeal. *Escalona-Naranjo*, 185 Wis. 2d at 181-82. Absent a "sufficient reason," failure to do so results in a waiver of the claim. *Id.* at 185. This procedural bar created by *Escalona-Naranjo* has been held an adequate and independent state law ground of procedural default. *Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002). On the other hand, it has been held inadequate to preclude federal review where, as here, it is used to prevent review

8

of a defendant's claim that post conviction counsel was ineffective for failing to raise deficiencies in the representation provided by trial counsel. *Johnson,* 624 F.3d at 790; *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003). Indeed, in *State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 556 N.W.2d 136 (1996), the Wisconsin Court of Appeals held that a claim of ineffective assistance of post conviction counsel must be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06. The *Rothering* Court recognized that under *Escalona-Naranjo* a defendant could not raise an ineffective assistance of trial counsel claim in a § 974.06 motion when the issue could have been raised on direct appeal or in a § 974.02 motion absent a "sufficient reason." But ineffective assistance of counsel, the Court suggested, could itself constitute "sufficient reason" to utilize § 974.06:

> It may be in some circumstances that ineffective postconviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not. In other words, demonstrating to the trial court a sufficient reason for why issues were not raised on direct appeal raises the same questions about counsel's conduct which the defendant would attempt to characterize here as ineffective appellate counsel. It amounts to proof of the same thing.

*Rothering*, 205 Wis. 2d at 682.

In *Page*, the Seventh Circuit held that a defendant's failure to assert a claim of ineffective assistance of trial counsel in response to an *Anders* no merit report filed by his attorney on his direct appeal could not reasonably be considered a waiver of the right to seek relief. 343 F.3d at 908-09. Of course, an *Anders* no merit brief contains an invitation to the defendant to assert any claim or raise any issue that counsel has refused to argue. *See Anders v. California*, 386 U.S. 738, 744 (1967). In rejecting the State's argument that Wisconsin courts were justified in treating the petitioner's failure to raise the issue of ineffective assistance of post conviction counsel under such circumstances as a

9

waiver, the court noted first that the issue Page sought to raise could not have been raised on appeal since post conviction counsel had failed to raise it in the trial court. 343 F.3d at 908 ("When Mr. Page's postconviction counsel failed to assert a claim of ineffective assistance of trial counsel in the § 974.02 motion before the trial court, he foreclosed Mr. Page's opportunity to argue such a claim on direct appeal."). "Federal habeas review cannot be precluded on such a ground," the court held, "because the basis relied upon by the Wisconsin court does not apply Wisconsin procedure in a consistent and principled way." *Id.* at 909 (internal quotes omitted). On a more fundamental level, however, the court noted that a waiver of such a right must be "an intentional relinquishment or abandonment of a known right or privilege." *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "It would be incongruous to maintain," the court held, "that Mr. Page has a Sixth Amendment right to counsel on direct appeal, but then to accept the proposition that he can waive such right by simply failing to assert it in his pro se response challenging his counsel's Anders motion." *Id.*

Lee's appellate attorney never filed an *Anders* no merit report. As a result, Lee was never offered the opportunity to raise any issue on appeal other than what his attorney had raised on his behalf. Under these circumstances, there seems even less reason here to conclude that Lee waived his right to assert a claim for ineffective assistance of counsel by failing to raise it earlier in a § 974.02 motion or on direct appeal than there was in *Page*. If failing to raise the issue when a defendant is expressly asked if there are other issues he wishes to raise is not a waiver, then Lee's failure to raise the issue when he is relying on counsel for representation cannot reasonably be considered a waiver. It would thus appear that the *Escalona-Naranjo* bar cannot generally be considered an adequate and independent state ground for denying federal review to a claim for ineffective assistance of counsel.

This reading seems to have been confirmed in *Johnson v. Thurmer* which likewise rejected the state's assertion of an adequate and independent state ground because of various inconsistencies in Wisconsin's appellate procedure:

> On one hand, Wisconsin courts held that ineffective assistance of counsel claims were defaulted if they related to trial conduct and were not brought in response to the no-merit report. On the other, the state courts required ineffective assistance claims that dealt with trial errors to be raised in a separate post-conviction motion in the trial court prior to the no-merit appeal or they were waived. In essence, Wisconsin rulings of default were not based on an adequate state ground barring federal habeas review because Wisconsin procedure required the petitioner to travel an inconsistent and confusing path by asserting "a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court."

624 F.3d at 790 (quoting Page, 343 F.3d at 909). For the reason already noted, the difficulty and confusion noted by the court is even more pronounced when a defendant is relying on his attorney to represent him on appeal and is not offered an opportunity to raise other issues on his own. In light of these holdings, the court does not find *Escalona-Naranjo* an adequate and independent state ground for denying Lee's ineffective assistance of counsel claims.

But *Escalona-Naranjo* was not the only procedural ground on which the state courts denied Lee's § 974.06 motion for post conviction relief. The motion was also denied because it was conclusory and failed to set forth facts sufficient to show Lee was entitled to relief. In particular, Lee has failed to show, even at this late date, that there was any evidence, other than his own self-serving testimony, that could have been offered to prove an alibi. And since he effectively waived his own right to testify at trial, the only question is whether any other evidence of alibi existed.

Under Wisconsin law, a trial court has discretion to deny a motion for post conviction relief without a hearing where the movant fails to allege facts that, if true, would entitle him to relief. *State*

11

*v. Allen*, 2004 WI 106, ¶ 14, 274 Wis.2d 568, 682 N.W.2d 433 ("A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief."). In a motion seeking post conviction relief based on a claim of ineffective assistance of counsel, the defendant must tell the court "who would be called as a witness at an evidentiary hearing and what their testimony was likely to prove." *State v. Balliette*, 2011 WI 79, ¶3, 336 Wis.2d 358, 805 N.W.2d 334. Where a defendant fails to do so, the trial court may summarily deny the motion without an evidentiary hearing.

Here, Lee has failed to allege any facts that would entitled him to relief. Although he states in his affidavit that he told his trial attorney that the first name of the owner of the barber shop where he claimed he was at the time of the shooting was Norman, he does not say that Norman or anyone else, for that matter, would have testified that he was there. In other words, Lee failed to identify any witnesses that his attorney failed to locate who could have testified that at the time of the shooting in Oshkosh, he was in a barbershop in Milwaukee. If no such witness exists, then his trial counsel was not ineffective in failing to locate and call him and appellate counsel was not ineffective in failing to claim otherwise. The failure to allege sufficient facts to warrant a hearing on a claim constitutes an adequate and independent state law ground for denying relief. *See Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005). Lee's ineffective assistance of counsel claims are therefore procedurally defaulted.

**CONCLUSION**

Lee's confrontation clause and due process claims fail because the state court decision that rejected them does not constitute an unreasonable application of federal law. His ineffective assistance of counsel claims fail because there exists an adequate and independent state law ground that precludes

12

federal review.  Accordingly, the petition is denied and the Clerk is directed to enter judgment dismissing the action.

Under Rule 11 of the Rules Governing Section 2254 Cases, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Lee has made such a showing on three issues: (1) whether admission of Thomas' statement trial violated his Sixth Amendment confrontation rights; (2) whether Johnson's in-court identification violate his right to due process; and (3) whether an adequate and independent state ground precludes consideration of his claims for ineffective assistance of counsel.  Therefore, a certificate of appealability as to the petitioner's claims will issue.

**SO ORDERED** this  29th   day of January, 2013.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court

13

Case 1:10-cv-00040-WCG   Filed 01/30/13   Page 13 of 13   Document 25